

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADDISON SANDOVAL, et al.,

    Plaintiffs,

-against-

UPHOLD HQ INC.,

    Defendant.

21-CV-07579 (VSB) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery, but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23, must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

## Background

This putative class action was filed on September 10, 2021, by four plaintiffs who allege that defendant Uphold HQ Inc. (Uphold), a "digital currency money platform," defrauded them and others, in violation of N.Y. Gen. Bus. L. § 349 and related laws, when it "actively, uniformly, and deceptively promoted an investment in a product called 'Uphold Earn,'" which it knew to be "a worthless product, or at minimum, one with undisclosed material risks," causing plaintiffs to lose their Earn investments "when the company behind 'Earn,'" known as "Cred, Inc. ('Cred') went bankrupt following egregious mismanagement." Am. Compl. (Dkt. No. 12) ¶¶ 1-3.

Uphold has filed a motion to dismiss all of plaintiffs' claims (Dkt. No. 14), which is pending before the Hon. Vernon S. Broderick, United States District Judge. Uphold has also

"reserve[ed] the right" to file counterclaims and affirmative defenses if and when it answers the Amended Complaint. *See* Case Mgmt. Plan & Sched. Order (Dkt. No. 27) ¶ 5. Fact discovery is ongoing. *Id*. ¶ 7.

### The Parties' Discovery Dispute

By joint letter dated June 3, 2022 (Joint Ltr.) (Dkt. No. 32), the parties seek a ruling as to certain third-party subpoenas issued by Uphold to Bank of America, where plaintiff Lionel Ducote maintains an account, and to Wells Fargo Bank, where plaintiff Nicholas King maintains an account. Although the parties did not attach the subpoenas themselves to their letter,[1] they agree that each subpoena seeks "[a]ll documents and communications" concerning "any accounts" maintained by the subject bank to or for the benefit of Ducote or King since July 1, 2020, "including, but not limited to, any and all" accounts, statements, or other documents "concerning unauthorized use or disputed transactions on any accounts." Joint Ltr. at 1.

Defendant Uphold explains that a third plaintiff, Addison Sandoval, purchased cryptocurrency from Uphold – using funds transferred from his bank account at Ally Bank – and then lent that cryptocurrency to Cred. Joint Ltr. at 4. When Cred filed for bankruptcy protection, plaintiff Sandoval, "instead of seeking claims against Cred," filed numerous applications with Ally "asserting that his own ACH withdrawals from his Ally account to his Uphold account were 'unauthorized' at the time the transfers were made." Joint Ltr. at 4. Uphold states that it intends to file fraud-based counterclaims against Sandoval arising out of this conduct, *id*., and that the subpoenas now at issue – addressed to Bank of America and Wells Fargo Bank – are intended to

---

[1] The Individual Rules & Practices in Civil Cases of the Hon. Vernon S. Broderick, United States District Judge, specify that when a discovery dispute "concerns the refusal to respond to a specific written request, the parties shall attach that request." Broderick Ind. Prac. § 3. *See also* Local Civ. R. 37.2; Moses Ind. Prac. § 2(b).

"discover whether Messrs. King and Ducote have engaged in similar conduct as their co-plaintiff, Mr. Sandoval." *Id*.

Plaintiffs seek an order quashing or modifying the subpoenas. Joint Ltr. at 3.[2] They argue that the information sought is not relevant to any claim or defense actually asserted in this action. *Id*. at 2. They further contend that even if certain banking transactions "with Uphold" are relevant, the subpoenas as written (which would require the banks to turn over all of Ducote's and King's banking records for the past two years) are impermissibly "broad and intrusive." *Id*.[3]

The Court agrees. No fraud claims have been pleaded against King or Ducote. Nor does defendant suggest that it has any non-speculative basis, at present, for believing that either of these plaintiffs attempted to cancel or reverse transfers from their accounts to Uphold by claiming that they were "unauthorized." (Had plaintiffs succeeded in doing so, Uphold's own records would so reflect.) As to these two plaintiffs, therefore, the subpoenas appear to constitute a classic "fishing expedition" beyond the scope of Fed. R. Civ. P. 26(b)(1). The fact that there is a confidentiality stipulation in place among the parties to this action (Dkt. No. 28) does not expand the scope of discovery permitted under Rule 26(b)(1), which applies to non-party as well as party discovery. Consequently, the subpoenas addressed to Bank of America and Wells Fargo Bank are QUASHED pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii) and 45(d)(3). This ruling is without prejudice to the future service of narrowly-tailored subpoenas to plaintiffs' banks seeking relevant and proportional discovery.

---

[2] Because the subpoenas themselves have not been submitted, the Court cannot confirm that the "place of compliance," *see* Fed. R. Civ. P. 45(c), is within this District. Because both sides have tendered the dispute to this Court, however, they have waived any challenge on this basis. *See* Fed. R. Civ. P. 45(d)(3) (governing orders by the "court for the district where compliance is required" to quash or modify subpoenas).

[3] Uphold states that it also issued a subpoena to Ally Bank for plaintiff Sandoval's records. Joint Ltr. at 4. Plaintiffs do not seek relief regarding the Ally Bank subpoena.

**General Pretrial Management**

On a going-forward basis, parties and counsel are cautioned:

1. All discovery must be initiated in time to be concluded by the close of discovery set by the Court.

2. Future discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5. In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments. Courtesy copies of letters and letter-motions filed via ECF are required only if the filing contains voluminous attachments. Courtesy copies should be delivered promptly, should bear the ECF header generated at the time of electronic filing, and should include tabs for the attachments.

> **PLEASE BE AWARE THAT, FOR THE DURATION OF THE COVID-19 NATIONAL EMERGENCY, UNLESS OTHERWISE ORDERED BY THE COURT:**
>
> **Conferences and Hearings**. Court conferences and hearings may be conducted by teleconference, videoconference, or in person. Teleconferences are held on the Court's AT&T line. If a teleconference is scheduled, the parties are directed to call (888) 557-8511 and enter the access code 7746387 a few minutes before the scheduled time. Videoconferences are held using the Court's videoconferencing technology (Microsoft Teams) or (with the prior approval of the Court) such alternative videoconferencing technology as the parties agree upon and arrange. If the Court's technology is used, the Court will provide the link and further instructions in an email to counsel closer to the date of the conference. Please treat teleconferences and videoconferences as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. In person conferences are held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.
>
> **Remote Depositions**. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g*., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

Dated: New York, New York
       June 8, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**