



Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

Giskan Solotaroff & Anderson, LLP
90 Broad Street, 2nd Floor
New York, NY 10004
t 212.847-8315 x 12

August 31, 2022

**Via CM/ECF**
The Honorable Barbara Moses, Magistrate Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**MEMO ENDORSED**

Re:   *Addison Sandoval, et al. v. Uphold HQ, Inc.*, No. 1:21-CV-07579 (VSB) (BCM)

Dear Judge Moses:

      We represent Plaintiffs and the Proposed Class. In accordance with Local Civil Rule 37.2 and § 2(b) of Your Honor's Individual Practices, we respectfully request a discovery conference relating to Defendant Uphold HQ, Inc.'s ("Uphold") refusal to meet and confer about ESI search methodologies, search terms, and custodians. This categorical refusal violates the express provisions of the Order Establishing Protocol for Production of Electronically Stored Information ("ESI Order") (Dkt. No. 20), and is in derogation of applicable law and long-standing ESI practice.

      On August 1, 2022, Plaintiffs requested a meet and confer with Uphold on search terms and custodians, in accordance with the ESI Order, and (as is customary in this generally iterative process) informed by what Plaintiffs could glean from potential sources. Attachment 1. Uphold refused to agree to *any* search term and custodial discovery, claiming the request was untimely, notwithstanding that over five (5) months remained before the close of discovery. Plaintiffs immediately urged Uphold to reconsider, via letter on August 19, 2022, and provided authority in support of their position. Attachment 2. Uphold failed to respond and this motion follows.[1]

Application DENIED without prejudice to renewal at such time as the party discovery stay is lifted. SO ORDERED.

*[signature: Barbara Moses]*

Barbara Moses
United States Magistrate Judge
September 16, 2022

Hon. Barbara Moses, Magistrate Judge
Page 2
August 31, 2022

I.     **Additional Background Pertinent to the Dispute.**

On May 20, 2022, the Court entered the ESI Order that, among other things, requires the parties to:

(a) "meet and confer and reach agreement as to the method of searching, and words, terms, and phrases (if any) to be used to locate and identify potentially responsive ESI, and/or any combination of culling methodologies" Dkt. No. 30 at Section II.C; and,

(b) "meet and confer to identify the custodians whose email and other ESI will be searched, not to exceed 10 for any party, and any other electronic systems that will be searched, using the agreed search terms from Section II.C." *Id.* at Section II.D.

On May 23, 2022, Uphold served its Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents (RFPs) and produced a set of responsive documents. An undisclosed percentage (if not all) of these documents previously had been gathered and reviewed by Uphold and produced to the Bankruptcy Examiner in *In re Cred, Inc.*, Case No. 20-12836 (Bankr. D. Del.).

On May 31, 2022, Plaintiffs challenged several of Uphold's objections to Plaintiffs' RFPs and the parties conferred on June 7, 2022. Uphold has not produced any additional documents since this initial production though it undertook to follow-up in certain areas.

On August 1, 2022, Plaintiffs followed-up on the unresolved disputes from the prior meet and confer, identified several apparent deficiencies in Uphold's document production, and (as noted above, and as relevant here) requested a meet and confer on the topics required by the ESI Order: search methodologies, search terms, and custodians. Uphold responded that it could not meet and confer until August 18, 2022, over two weeks later. Plaintiffs agreed to meet and confer as soon as Uphold was able.

At 2:00 p.m. EDT on August 18, 2022,[2] Plaintiffs' counsel Christopher Coleman and Catherine Anderson and Uphold's counsel Benjamin Bianco and Caitlin Trow met and conferred by telephone for approximately twenty minutes. Again as noted earlier, Uphold claimed ESI discussions were untimely, notwithstanding that fact discovery remained open for over five (5) more months. *See* Dkt. No. 27, Scheduling Order ¶ 7 ("All fact discovery is to be completed no later than January 13, 2023.").

---

[2] In June and July, in addition to the ongoing discovery in this matter, Plaintiffs' counsel engaged in litigation in the bankruptcy court to protect absent class members' due process interests. Specifically, the Cred Trustee sought permission to seek to acquire class members' claims against Uphold under circumstances that, from Plaintiffs' perspective, did not adequately disclose either this class action or that, under the proposed (and now-rejected) claims procedure, the class members would have needed to share any recovery with other third parties without adequate disclosure. Dkt. 1040, *In re Cred, Inc.*, Case No. 20-12836 (Bankr. D. Del.). While not pertinent to the instant dispute, Plaintiffs note this development only to provide a more fulsome background on the course of the litigation so far.

The following day, August 19, 2022, Plaintiffs followed up by letter, requesting that Uphold reconsider its position and advise Plaintiffs by August 25, 2022 if it would engage in the required ESI negotiations. Uphold's counsel neither addressed Plaintiffs' authority, nor provided any support of its own.

## II.     Argument

### A.     The ESI Order and Applicable Law and Practice Require Conferral.

Uphold's refusal to meet and confer about ESI search methodologies, search terms, and custodians explicitly violates this Court's ESI Order. The ESI Order is unambiguous: "The parties *shall* meet and confer and reach agreement" as to search methodologies, search terms, and custodians. ESI Order §§ II.C and II.D (emphasis added).

Further, the applicable law on electronic discovery "*requires* cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI.*" William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) (emphasis supplied); *see also Capitol Recs., Inc. v. MP3tunes, LLC*, 261 F.R.D. 44 (S.D.N.Y. 2009) (describing defendant's conduct in ESI discovery as a "failure to heed Magistrate Judge Andrew Peck's recent 'wake-up call' regarding the need for cooperation concerning e-discovery," citing *William A. Gross.*).

Discovery in this case is open and will remain open for over four (4) months. Uphold's position that it is too late to engage in required electronic discovery is without merit.

Moreover, this Court was "one of the early signatories to The Sedona Conference Cooperation Proclamation" and "'strongly endorses The Sedona Conference Proclamation.'" *Moore v. Publicis Groupe*, 287 F.R.D. 182, 192 (S.D.N.Y. 2012) (quoting *William A. Gross*, 256 F.R.D. at 136). Uphold's refusal to engage in required ESI negotiation undermines the core principle of the Sedona Conference Proclamation—the "mandate for counsel to act cooperatively" in the context of electronic discovery. Sedona Proclamation, 10 Sedona Conf. J. 331, 333 (2009). "Cooperation between counsel regarding the production of electronically stored information 'allows the parties to save money, maintain greater control over the dispersal of information, maintain goodwill with courts, and generally get to the litigation's merits at the earliest practicable time.'" The Case for Cooperation, 10 Sedona Conf. J. 339, 339 (2009).

### B.     Plaintiffs are Prejudiced by Uphold's Non-Compliance.

Uphold has refused to act cooperatively, pointing to the single set of documents it produced,[3] declining to conduct any further searches, or even to negotiate with Plaintiffs about

---

[3] Plaintiffs do not have information about any of the search methodologies Uphold has employed, what sources it examined, or whether all of its production was simply a re-production (there is nothing wrong with efficiency, but the point is Plaintiffs lack information they are entitled to have). Plaintiffs also observe that the number of pages of

Hon. Barbara Moses, Magistrate Judge
Page 4
August 31, 2022

the parameters of those searches. Even if the law were not dispositive in favor of Plaintiffs' position, *William A. Gross*, 256 F.R.D. at 136 (the law "requires cooperation between opposing counsel" on ESI discovery), the practical prejudice is clear.

Notably, even a review of the documents Uphold *has* produced reveals the sort of deficiencies or incomplete productions that may be efficiently addressed by standard ESI discussions. As illustrative examples:

(a) Uphold has produced documents referencing relevant discussions among Uphold employees on a number of business messaging platforms, including Slack, WeChat, and Telegram, yet Uphold has not produced these messages and, indeed, refuses to disclose if it has even conducted any searches for responsive documents on these platforms. This is the sort of topic that is appropriate for a meet and confer.

(b) Plaintiffs requested documents relating to Uphold's marketing and promotion of Earn to consumers, yet Uphold has not produced social media marketing for the Earn program. This is potentially quite troubling given allegations in the July 22, 2022 complaint filed by the Cred Inc. Liquidation Trust against Uphold that Uphold "engaged in a clean-up campaign deleting past false advertisements and deceptive social media posts" to distance itself from Cred following announcements that Cred was nearing bankruptcy. Case No. 20-12836 (Bankr. D. Del.) (Dkt. No. 1042) ¶ 5; ¶ 450 ("Uphold also wasted no time in trying to remove and destroy marketing materials promoting Cred.").

(c) Plaintiffs requested that Uphold produce documents and communications relating to customer complaints about the "Earn" program, and, while there are certain complaints in the file, Plaintiffs do not see complaint investigation files or its policies and procedures for investigating and responding to customer complaints.

To be clear, Plaintiffs are not seeking a ruling ordering the production of these substantive categories; instead, recognizing the information disparity that means Plaintiffs simply do not know what they do not know, **Plaintiffs are seeking a standard meet and confer**.

In 2022, the need to comply with the terms of an ESI order and engage in basic, iterative ESI discovery negotiations should not be in dispute. Uphold's position that it is too late to engage in required discovery is without merit.

Thus, Plaintiffs respectfully request that the Court order Uphold to comply with the ESI Order's requirement that the parties meet and confer about ESI search methodologies, search terms, and custodians, and to promptly conduct the required searches and produce all documents responsive to Plaintiffs' Requests for Production of Documents.

---

documents Uphold has produced (many of which are spreadsheets) is not indicative of the responsiveness or completeness of Uphold's production.

Respectfully Submitted,

*[signature]*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
rgeman@lchb.com
250 Hudson Street, 8th Floor
New York, New York  10013-1413
Telephone:  (212) 355-9500

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Christopher E. Coleman
ccoleman@lchb.com
222 2nd Ave. South, Suite 1640
Nashville, Tennessee 37201
Telephone:  (615) 313-9000

**GISKAN SOLOTAROFF & ANDERSON LLP**
Catherine E. Anderson
canderson@gslawny.com
90 Broad Street, 2nd Floor
New York, New York 10004
Telephone:  (212) 847-8315

*Attorneys for Plaintiffs and the Proposed Class*

cc:   All counsel of record (via ECF)